UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

LASHONTE IRVIN, as natural mother and guardian
of JAVARIUS RAGIN, a minor,

       Plaintiff,

v.

CITY OF HIALEAH, a political subdivision of the
State of Florida, LT. MARGARET DANIELS, and
OFFICER EARLES GONZALEZ,

       Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, LASHONTE IRVIN, as mother of JAVARIUS RAGIN a minor, by and through their undersigned counsel and hereby sues the Defendants, CITY OF HIALEAH, a political subdivision of the State of Florida,  LT. MARGARET DANIELS and OFFICER EARLES GONZALEZ and in support thereof allege as follows:

## PREMILINARY STATEMENT

1.  This is a civil rights action in which the Plaintiff seeks relief from this Court for injuries sustained by Plaintiff's minor son, JAVARIUS RAGIN, after having been attacked by a K-9 owned and controlled by Defendant, CITY OF HIALEAH, and its officers and agents, in violation of JAVARIUS RAGIN'S civil rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Constitution of the United States, including its Fourth and Fourteenth Amendments, and by the laws of the State of Florida.

2.  On or about December 25, 2013, Plaintiff Lashonte Irvin's minor son, JAVARIUS

RAGIN, was in the process of surrendering to law enforcement for having been traveling in a stolen vehicle when he was suddenly and without provocation viciously attacked by a K-9 of the Hialeah Police Department and severely injured in violation of his rights under the Fourth Amendment to the United States Constitution.

JURISDICTION AND VENUE

3.   This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) arising from a battery in violation of Florida Law, negligence resulting in serious injuries, a violation of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, and a claim for attorney's fees pursuant to 42 U.S.C. § 1988.

4.   This Court has jurisdiction pursuant to Florida Statutes, 26.012, 34.01(c); and 28 U.S.C. § § 1331 and 1343.

5.   Venue is appropriate in this Court pursuant to Florida Statues § 47.011 and because the conduct that gives rise to this action took place in Miami-Dade County, Florida and within the Southern District of Florida.

PARTIES

6.   At all times material hereto, Javarius Ragin, was a minor and resident of the City of Miami-Dade County, a citizen of the State of Florida and of the United States of America.

7.   Lashonte Irvin is the natural mother and guardian of Javarius Ragin and a resident of Miami-Dade County, Florida, over the age of 18 years and is otherwise sui juris.

8.   At all times material hereto, the City of Hialeah, a political subdivision of the State of Florida, was an entity authorized and created under the laws of the State of Florida. The defendant, the City of Hialeah, assumes the risk incidental to the maintenance of a police force and the employment of law enforcement and police officers.

9.  At all times material hereto, Defendant, the City of Hialeah, was the public employer of Defendants, Lt. Margaret Daniels and officer Earles Gonzales.

10. At all times material hereto, Lt. Margaret Daniels, was a City of Hialeah Police Department employee in the capacity of Sergeant or Lieutenant, over the age of 18 and is otherwise sui juris. Lt. Daniels is being sued in her official and individual capacities.

11. At all times material hereto, officer Earles Gonzalez, was a City of Hialeah Police Department employee in the capacity of a K-9 police dog handler and police officer, over the age of 18 and is otherwise sui juris. Officer Gonzalez is being sued in his official and individual capacities.

12. Defendants, Lt. Daniels and officer Gonzalez are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the City of Hialeah Police Department, an agency of Defendant, City of Hialeah.

13. At all times relevant herein, the individual Defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of Florida and the City of Hialeah Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant City of Hialeah, were acting for, and on behalf of, and with the power and authority vested in them by the city of Hialeah and the City of Hialeah Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

14. By the conduct, acts, and omissions complained of herein, Defendants Lt. Margaret Daniels and officer Earles Gonzalez violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

15. Plaintiff has satisfied all conditions precedent to filing this lawsuit, including those imposed by Florida Statutes § 768.28.

16. Plaintiff has retained the services of the undersigned attorney and are obligated to pay reasonable attorney's fees and costs for such services in prosecuting the claims herein.

## FACTS

17. On December 25, 2013, Plaintiff's minor son, Javarius Ragin, was picked up from his house by three juvenile friends who were in a vehicle.

18. While they were riding in the vehicle, Defendant Lt. Margaret Daniels, who was a sergeant at that time, began to follow their vehicle. According to the police report authored by officer Fernando Carvajal, Sr., the vehicle was reported stolen.

19. The four males exited the vehicle and fled on foot.

20. Defendant Lt. Margaret Daniels called for backup and began following Javarius Ragin.

21. After backup officers arrived a perimeter was set up.

22. Defendant Lt. Margaret Daniels observed Javarius Ragin enter an unlocked shed behind a house.

23. Defendant Officer Earles Gonzalez arrived on the scene with his K-9, Diesel.

24. After Defendant Lt. Margaret Daniels advised Defendant officer Earles Gonzalez that Javarius Ragin had entered the unlocked shed, Defendant Earles Gonzalez opened the shed door and after observing that Javarius Ragin was a juvenile and was standing with his hands up in the air he ordered his K-9 Diesel to attack Javarius Ragin.

25. The K-9, Diesel, attacked Javarius Ragin and began biting him in his groin area causing

4

substantial injuries to his penis and scrotum to the extent that his penis was literally ripped open and was bleeding profusely. During this traumatic episode Javarius Ragin was screaming and hollering and trying to fight off the attack by K-9 Diesel.

26. Defendant 0fficer Gonzalez then tackled Javarius Ragin to the ground and arrested him.

27. Defendants Lt. Margaret Daniels and officer Earles Gonzalez caused a complaint/arrest affidavit to be filled out by officer Fernando Carvajal, Sr., charging Javarius Ragin with grand theft auto, resisting with violence, and unoccupied burglary.

28. Officer Fernando Carvahal, Sr., never indicated in his police report that Javarius Ragin was physical attacked by K-9, Diesel, and needed emergency medical treatment.

29. The arrest affidavit listed the time of Javarius Ragin's arrest at 14:20 hours.

30. After having been arrested, handcuffed and placed inside the back seat of a police Vehicle, Javarius Ragin continued crying and begging Defendant Lt. Margaret Daniels and officer Earles Gonzalez to remove his handcuffs so that he could see the damage caused by the K-9.

31. Javarius Ragin's request was denied even though it was obvious to the defendant police officers that Javarius Ragin was bleeding inside of his pants based on the fact that his pants were at that time soaked in blood.

32. Even though Javarius Ragin was bleeding profusely in his groin area, Defendants Lt. Margaret Daniels and officer Earles Gonzalez failed to call Fire Rescue or Emergency Medical Transportation in order to render aid to Javarius Ragin.

33. Javarius Ragin was eventually transported by police vehicle to Palmetto General Hospital located in Hialeah, Florida at 4:35 p.m. On the way to the hospital no emergency medical treatment was provided by either Lt. Margaret Daniels or officer Earles Gonzalez.

34. Once at Palmetto General Hospital, Javarius Ragin was immediately taken into a surgery room where doctors had to perform surgery on him to stop the bleeding and stitch close the wounds caused by the K-9 attack.

35. After Javarius Ragin was treated at Palmetto General Hospital, he was transported to the Juvenile Assessment Center (JAC) by Hialeah Police Department officer James Gutierrez.

36. At no time after the incident did any of the officers contact Javarius Ragin's mother, Lashonte Irvin, and advise her as to what had occurred with her minor son.

37. Javarius Ragin participated in and successfully completed the JASS program.

## COUNT I-DEFENDANT EARLES GONZALEZ
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983
## EXCESSIVE FORCE

38. Plaintiff re-alleges paragraphs 1-37 as if fully set forth herein.

39. The Fourth Amendment prohibits unreasonable use of force by a law enforcement officer when he has the lawful authority to seize an individual.

40. Defendant officer Earles Gonzalez used his K-9 to attack Javarius Ragin when he posed no threat to the Defendant officers or to the public.

41. Defendant officer Earles Gonzalez used his K-9 Diesel as a weapon against Javarius Ragin.

42. The use of force by Defendant officer Earles Gonzalez's K-9 Diesel was blatantly excessive and deprived Javarius Ragin of his Fourth Amendment right to be free from force that was excessive under the circumstances.

43. Defendant officer Earles Gonzalez could have taken Plaintiff Javarius Ragin into custody without excessive or potentially deadly force and without causing Plaintiff Javarius Ragin injury.

44. Defendant officer Earles Gonzalez's conduct was deliberately indifferent to Javarius

Ragin's clearly established rights.

45. As a direct, proximate and foreseeable result of the acts and omissions of Defendant officer Earles Gonzalez, Javarius Ragin was severely injured and has in the past and will in the future suffer the following damages:

a. Medical expenses;

b. Mental pain and suffering;

c. All damages allowable under 42 U.S.C. § 1983, Federal law and Florida State law.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on Plaintiff's civil rights claim for excessive force brought pursuant to 42 U.S.C. § § 1983 and 1988, respectively:

A. A judgment for compensatory damages against Defendant officer Earles Gonzalez;

B. Punitive damages against Defendant officer Earles Gonzalez in his individual capacity;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

D. A trial by jury on all issues so triable; and

E. Such other and further relief that this Court may deem just, proper and appropriate.

### COUNT II-DEFENDANT LT. MARGARET DANIELS
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983
### FAILURE TO INTERVENE

46. Plaintiff re-alleges paragraphs 1-37 as if fully set forth herein.

47. Defendant officer Earles Gonzalez violated Javarius Ragin's constitutional rights when he ordered, directed and permitted his K-9 Diesel to viciously attack Javarius Ragin, using excessive force to take Javarius Ragin into custody.

48. Defendant Lt. Margaret Daniels was standing next to Defendant officer Earles Gonzalez

when Defendant officer Earles Gonzalez ordered, directed and permitted his K-9, Diesel, to attack Javarius Ragin.

49. Defendant Lt. Margaret Daniels took no action to stop or prevent this illegal seizure and excessive force although she was in a position to stop this escalation and had time to do so.

50. Defendant Lt. Margaret Daniels was in a superior position of authority over the actions of Defendant officer Earles Gonzalez and acquiesced in the actions of Defendant officer Earles Gonzalez.

51. Defendant Lt. Margaret Daniels was in a position to stop and prevent Defendant officer Earles Gonzalez's violation of Javarius Ragin's constitutional rights immediately, she failed to or refused to stop or intervene on Javarius Ragin's behalf even though she had time to do so.

52. Therefore, Defendant Lt. Margaret Daniels is directly liable for the subsequent unreasonable application of force applied by K-9 Diesel at the direction of Defendant officer Earles Gonzalez.

53. Defendant Lt. Margaret Daniels' conduct was deliberately indifferent to Javarius Ragin's clearly established constitutional rights to be free from the use of excessive force.

54. As a direct, proximate and foreseeable result of the acts and omissions of Defendant Lt. Margaret Daniels, Javarius Ragin was severely injured and have in the past and will in the future suffer the following damages:

    a.  Medical and psychological expenses;

    b.  Mental pain and suffering;

    c.  Physical pain and suffering;

    d.  All damages allowable under 42 U.S.C. § 1983, Federal law, and Florida law.

WHEREFORE, Plaintiff pray that this Honorable Court grant the following relief on Plaintiff's civil rights claim for failure to intervene brought pursuant to 42 U.S.C. § 1983 and § 1988:

A. A judgment for compensatory damages against Defendant Lt. Margaret Daniels;

B. Punitive damages against Defendant Lt. Margaret Daniels;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

D. A trial by jury on all issues so triable; and

E. Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT III-DEFENDANT CITY OF HIALEAH § 1983 *MONELL* CLAIM

55. Plaintiff re-alleges paragraphs 1-37 as if fully set forth herein.

56. Javarius Ragin was deprived on at least the following federal rights guaranteed under the United States Constitution:

a. The rights to be from unreasonable searches and/or seizures;

b. The right to enjoy civil and statutory rights.

57. Defendant City of Hialeah developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens its officers came into contact with.

58. It was the policy and/or custom of the City of Hialeah to inadequately and improperly investigate citizen complaints of police misconduct.

59. It was the policy and/or the custom of the City of Hialeah to ignore, tolerate or inadequately discipline its officers when acts of misconduct occurred.

60. Prior to December 25, 2013, Defendants officer Earles Gonzalez and/or Defendant Lt.

Margaret Daniels had histories of misbehavior that were ignored, inadequately investigated or resulted in inadequate discipline.

61. Defendant City of Hialeah inadequately investigated or inadequately disciplined Defendants Lt. Margaret Daniels and officer Earles Gonzalez, thereby failing to adequately discourage further misconduct.

62. Defendant City of Hialeah tolerated and acquiesced to the excessive use of force by Defendants Lt. Margaret Daniels and officer Earles Gonzalez on December 25, 2013.

63. Defendants Lt. Margaret Daniels and officer Earles Gonzalez were not disciplined or reprimanded for violating Javarius Ragin's civil rights.

64. Defendant City of Hialeah made no changes to its policies after the events on December 25, 2013 as evidenced by other claims of misconduct against other City of Hialeah Police Department officers.

65. Because of the policy or custom of ignoring, tolerating and improperly handling complaints of excessive use of force, Defendants Lt. Margaret Daniels and officer Earles Gonzalez believed that their actions would not result in investigation or discipline but would be tolerated.

66. The above described policies and customs demonstrates a deliberate indifference on the part of the Defendant City of Hialeah to the constitutional rights of persons its officers came into contact with, and were the cause of Javarius Ragin's deprivation of his constitutionally protected rights.

WHEREFORE, Plaintiffs pray that this Honorable Court grant the following relief on Plaintiffs' civil rights claim brought pursuant to *Monell*, 42 U.S.C. § 1983 and § 1988:

A. A judgment for compensatory damages against Defendant City of Hialeah;

B.  Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and

expenses of this civil action;

C.  A trial by jury on all issues so triable; and

D.  Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT IV-DEFENDANT CITY OF HIALEAH
## STATE LAW CLAIM FOR ASSAULT AND BATTERY

67. Plaintiff re-alleges paragraphs 1-37 as if fully set forth herein.

68. Count IV is pled in the alternative to all other counts.

69. Defendants Lt. Margaret Daniels' and officer Earles Gonzalez's conduct was intentional

but was not willful, wanton, or malicious.

70. Defendants Lt. Margaret Daniels' and officer Earles Gonzalez's conduct, as alleged

herein, was committed within the course and scope of their employment as police officers with

the City of Hialeah Police Department.

71. Defendant officer Earles Gonzalez's conduct by ordering, directing and permitting his K-

9 Diesel to viciously attack Javarius Ragin constituted offensive and unprivileged touching of

Javarius Ragin's person.

72. Defendant, City of Hialeah, is responsible for the battery by Defendant officer Earles

Gonzalez and Diesel, the K-9 owned by the City of Hialeah Police Department in that the civil

battery was intentional, but not malicious and was committed within the course and scope of

Defendant officer Earles Gonzalez's employment with Defendant, City of Hialeah, such that

respondeat superior applies to this action.

73. As a direct, proximate and foreseeable result of the acts and omissions of the Defendants,

Javarius Ragin was severely injured and have in the past and will in the future suffer the

following damages:

   a. Medical and psychological expenses;

   b. Mental pain and suffering;

   c. Physical pain and suffering;

   d. All damages allowable under 42 U.S.C. § 1983, Federal law, and Florida law.

WHEREFORE, Plaintiff demands judgment against the Defendant City of Hialeah for damages in a sum in excess of the minimal jurisdictional limits of this Court, together with costs of this suit, and any other relief this Court deems proper, and demands a trial by jury on all issues so triable.

## COUNT V-STATE LAW CLAIM FOR ASSAULT AND BATTERY
## DEFENDANT OFFICER EARLES GONZALEZ

74. Plaintiff re-alleges paragraphs 1-37 as if fully set forth herein.

75. Count V is pled in the alternative to all other counts.

76. Defendants officer Earles Gonzalez's conduct was intentional but was not willful, wanton, or malicious.

77. Defendants, officer Earles Gonzalez's conduct, as alleged herein, was committed within the course and scope of his employment as a police officer with the City of Hialeah Police Department.

78. Defendants officer Earles Gonzalez's conduct constituted offensive and unprivileged touching of Javarius Ragin's person.

79. As a direct, proximate and foreseeable result of the acts and omissions of the Defendants officer Earles Gonzalez and Lt. Margaret Daniels, Javarius Ragin was severely injured and have in the past and will in the future suffer the following damages:

   a. Medical and psychological expenses;

   b. Mental pain and suffering;

c.  Physical pain and suffering;

d.  All damages allowable under 42 U.S.C. § 1983, Federal law, and Florida law.

WHEREFORE, Plaintiff demands judgment against the Defendant officer Earles Gonzalez for damages in a sum in excess of the minimal jurisdictional limits of this Court, together with costs of this suit, and any other relief this Court deems proper, and demands a trial by jury on all issues so triable.

### COUNT VI-DEFENDANTS OFFICER EARLES GONZALEZ AND LT. MARGARET DANIELS-CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983-DENIAL OF MEDICAL CARE

80. Plaintiff re-alleges paragraphs 1-37 as if fully set forth herein.

81. Members of the Hialeah Police Department have an affirmative duty to seek medical attention for persons who are injured in the course of being apprehended by officers of their department.

82. Defendants officer Earles Gonzalez and Lt. Margaret Daniels were aware that Javarius Ragin had been attacked by K-9 Diesel and sustained substantial injuries and were aware that Javarius Ragin was experiencing extreme physical pain as a result of officer Earles Gonzalez's use of excessive force when he directed and permitted his K-9 Diesel to attack Javarius Ragin but took no action to provide or request medical care for Javarius Ragin, disregarding the obvious need for emergency medical treatment.

83. The conduct and actions of Defendants, officer Earles Gonzalez and Lt. Margaret Daniels, acting under color of law, in failing to timely request or obtain medical attention to Javarius Ragin, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for Javarius Ragin's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and

suffering in violation of Javarius Ragin's substantive due process rights as guaranteed under 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution.

84. As a result of Defendants officer Earles Gonzales and Lt. Margaret Daniels' failure to timely request medical attention after using, unreasonable, and unjustified force, Javarius Ragin sustained extreme mental and physical pain and suffering.

85. As a direct, proximate and foreseeable result of the acts or omissions of Defendants officer Earles Gonzalez and Lt. Margaret Daniels, Javarius Ragin suffered extreme mental and physical pain and suffering and have in the past and will in the future suffer the following damages:

    a.  Medical and psychological expenses;

    b.  Mental pain and suffering;

    c.  Physical pain and suffering;

    d.  All damages allowable under 42 U.S.C. § 1983, Federal law, and Florida law.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on Plaintiffs' civil rights claim for failure to intervene brought pursuant to 42 U.S.C. § 1983 and § 1988:

    A.  A judgment for compensatory damages against Defendants office Earles Gonzalez and Lt. Margaret Daniels;

    B.  Punitive damages against Defendant officer Earles Gonzalez and Lt. Margaret Daniels;

    C.  Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil action;

    D.  A trial by jury on all issues so triable; and

    E.  Such other and further relief that this Court may deem just, proper and appropriate.

## DEMAND FOR JURY TRIAL

86. Plaintiff hereby demands a trial by jury on all issues so triable.

## DEMAND FOR ATTORNEY'S FEES

87. Plaintiff hereby demands payment of attorney's fees pursuant to 42 U.S.C. § 1983 and 42

U.S.C. § 1988.


Dated this May 28, 2015.


LAW OFFICE OF RODERICK D. VEREEN, ESQ., P.A.
Counsel for Plaintiff
P.O. Box 68-0697
Miami, Florida 33168
Tel: (786) 391-1751
Fax: (786) 409-3113
Email: Vereen2469@aol.com

By: _____
RODERICK D. VEREEN, ESQ.
Florida Bar No: 869589
Primary email: Vereen2469@aol.com